IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

```
In Re Application for Order        )
Transferring Dispute, Staying      )
Discovery, or Quashing Subpoena of )    No. 1:06-MC-34-RJL
Sheela Stuart.                     )
                                   )
-------------------------------------
```

**UNITED STATES' MEMORANDUM IN SUPPORT
OF ITS MOTION FOR EXTENSION OF TIME**

On February 13, 2006, People First of Tennessee ("People First") filed a Motion to Compel Compliance with Subpoena to Sheela Stuart ("Motion to Compel").[1] The United States' response to the Motion to Compel is due by Monday, February 27, 2006. The United States, however, moves this Court to extend the time in which to file a response to the Motion to Compel until March 6, 2006. Good cause exists to grant this Motion for Extension of Time because the parties are actively engaged in negotiations that may obviate the need for the filing before this Court of an opposition to the Motion to Compel. Accordingly, the United States requests that this Court grant the Motion for Extension of Time.

**I.   Facts**

The full history of this matter has been set forth on pp. 2-7 of the United States' Statement of Points and Authorities in support of its Application to Transfer Dispute to Middle District of Tennessee, or, in the Alternative, Stay Discovery, or, in the Alternative, Quash Subpoena of Sheela Stuart, Docket No. 1 (Jan. 30, 2006) ("Application"). In summary, People First has issued a

---

[1]   Counsel for People First have served this motion on the United States. The motion, however, does not yet appear in the Clerk of the Court's Electronic Case Management system.

facially invalid subpoena seeking to depose Dr. Sheela Stuart, a non-testifying expert retained by the United States in consideration of litigation of two consolidated lawsuits[2] filed in the Middle District of Tennessee.

On February 23, 2006, the Tennessee Court ordered that the United States' Motion for a Protective Order (which addresses Dr. Stuart's scheduled deposition) be filed and any responses be filed within 10 days.  See Order, Docket No. 754 (Feb. 23, 2006) (Ex. 1).  Also on February 23, 2006, People First transmitted to the Tennessee Court a letter stating that People First did not oppose that court deciding the United States' Motions to transfer or quash the subpoena of Dr. Stuart.  See Letter from Jack W. Derryberry, Jr. to Honorable Robert L. Echols (Feb. 23, 2006) (Ex. 2).  Based on these developments, counsel for the United States and counsel for People First are negotiating a possible consent to dismiss the pending motions before this Court, which would obviate the need for the filing before this Court of an opposition to the Motion to Compel.

II.  **Argument**

   **Good Cause Exists to Extend Time Because the Parties Are Actively Involved in Negotiations That May Obviate the Need for the Filing Before this Court of an Opposition to the Motion to Compel.**

Pursuant to Fed. R. Civ. P. 6(b)(1), a court may enlarge the time in which an act is allowed or required to be done within a specific time, before such time has run, upon a showing of cause.

---

[2]    See United States v. Tennessee, No. 96-1056, and People First of Tennessee v. Clover Bottom Developmental Center, No. 95-1227 (M.D. Tenn.)

Fed. R. Civ. P. 6(b). Good cause exists for the extension of time to take an action when the parties to a matter are engaged in settlement negotiations that may obviate the need to take that action. See, e.g., Bank of Cape Verde v. Bronson, 167 F.R.D. 370, 371 (S.D.N.Y. 1996) (approving the magistrate's recommendation that good cause existed for extension of time when potential settlement would obviate the need to meet a deadline).

In this matter, the time for the United States to file a response to the Motion to Compel has not run and the parties are now engaged in negotiations that have the potential to bring the subject of the dispute before this Court -- the subpoena of Dr. Stuart -- to the court in which the underlying action is pending. The Tennessee Court had ordered the United States' Motion for a Protective Order to be filed in that Court. (Ex. 1.) This filing affords People First an opportunity to contest this issue in Tennessee. Given that People First, itself, suggested that transfer of the dispute from this Court to Tennessee would be appropriate if the Tennessee Court ordered the Motion filed,[3] the current negotiations between counsel may obviate the need to file a response to People First's Motion to Compel in this Court. Accordingly, good cause exists to grant the United States' Motion for Extension of Time.

---

[3] See People First Memorandum of Law in Opposition to United States' Application and in Support of People First Motion to Compel at 8.

### III. **Conclusion**

For the foregoing reasons, the United States respectfully requests that this Court grant its Motion for Extension of Time.

Respectfully submitted,

| | |
|---|---|
| KENNETH L. WAINSTEIN<br>United States Attorney<br>District of the District<br>  of Columbia | WAN J. KIM<br>Assistant Attorney General<br>Civil Rights Division<br><br>BRADLEY J. SCHLOZMAN<br>Principal Deputy Assistant<br>  Attorney General<br><br>SHANETTA Y. CUTLAR<br>Section Chief<br><br>JUDY C. PRESTON<br>Deputy Chief<br><br>s/R. JONAS GEISSLER<br>TODD SCHNEIDER<br>R. JONAS GEISSLER<br>LINDA KEYSER<br>Trial Attorneys<br>Special Litigation Section<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530<br>(202)353-8866 |