```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA
```

In Re Application for Order           )
Transferring Dispute, Staying         )
Discovery, or Quashing Subpoena of    )    No. 1:06-MC-34-RJL
Sheela Stuart.                        )
                                      )
------------------------------------

### UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER TO SEAL MEMORANDUM

On February 13, 2006, People First of Tennessee ("People First") filed a Motion to Compel Compliance with Subpoena to Sheela Stuart ("Motion"). Dr. Sheela Stuart, the subject of the subpoena, is a non-testifying expert retained by the United States in anticipation of litigation.

### I. Facts

The full history of this matter has been set forth on pp. 2-7 of the United States' Statement of Points and Authorities in Support of its Application to Transfer Dispute to Middle District of Tennessee, or, in the Alternative, Stay Discovery, or, in the Alternative, Quash Subpoena of Sheela Stuart, Docket No. 1 (Jan. 30, 2006) ("Application"). In brief, this dispute has arisen over the State of Tennessee's ("State") request to dismiss Greene Valley Developmental Center ("Greene Valley") from two consolidated lawsuits[1] filed in the Middle District of Tennessee ("Clover Bottom case") over conditions of confinement at two State institutions for people with developmental disabilities. As part of the Settlement Agreement resolving the Clover Bottom case, Greene Valley is eligible for dismissal when it has

---

[1] See United States v. Tennessee, No. 96-1056, and People First of Tennessee v. Clover Bottom Developmental Center, No. 95-1227 (M.D. Tenn.)

achieved substantial compliance with relevant provisions of the Settlement Agreement.

In March and April 2005, counsel for the parties to the Clover Bottom case, the State, the United States, People First, and the Parent-Guardian Association ("PGA"), each accompanied by expert(s), toured Greene Valley to review conditions. The United States retained Dr. Sheela Stuart, an expert in communication issues, for these reviews. As part of the parties' review of Greene Valley in March 2005, the parties agreed that, at the conclusion of each expert's individual review, the parties would meet to hear and discuss the expert's opinion. The parties further agreed that, to ensure a full and frank discussion, any expert opinions or conclusions expressed during this meeting would be protected by Fed. R. Evid. 408. See March 2, 2005 Letter from Jonathan Lakey at 1-2 (Ex. 1). The United States also notified the other parties that it considered any statements made by its experts during these meetings to be covered by the settlement privilege. See February 28, 2005 Letter from Todd Schneider at 2 (Ex. 2.). People First neither filed any objections to either letter nor indicated prior to the March 2005 review that it would not treat the experts' statements as protected by Fed. R. Evid. 408 or the settlement privilege.

Pursuant to these conditions, Dr. Stuart participated in an expert meeting at Greene Valley on March 16, 2005, the final day of her tour. Representatives of the United States, People First, and the State attended that meeting. Since that March 16 meeting, the United States has not waived the confidentiality of

any statements made by Dr. Stuart at that meeting.  In fact, the United States voiced its objections when People First subsequently attempted to conduct discovery regarding Dr. Stuart's March 16, 2005 statements.  See Deposition of Carly Crawford at 64-66 (Ex. 3).

People First, states that on February 13, it filed[2] its Motion to Compel Compliance with Subpoena to Sheela Stuart and Memorandum of Law in Opposition to United States' Application and in Support of People First's Motion to Compel Compliance with Subpoena ("Memorandum").  The Memorandum contained statements made by Dr. Stuart at the March 16 settlement conference.  See Memorandum at pp. 2, 5.

**II. Argument**

The portions of the Memorandum at issue now are statements made during settlement negotiations that are protected by Fed. R. Evid. 408 and the common law settlement privilege.  See Memorandum at pp. 2, 5.  The statements are inadmissible and, we submit, should never have come before this court.  Accordingly, we request that you grant the United States' Motion for Protective Order to Seal Memorandum.

The parties, including People First,[3] agreed that Dr.

---

[2] Counsel for People First have served this motion on the United States.  The motion, however, does not yet appear in the Clerk of the Court's Electronic Case Management system.

[3] People First's silence and lack of objection to the conditions governing the confidentiality of the expert meeting, set forth in the above-mentioned letters, Ex. 1 and 2, should be interpreted as representing People First's acceptance of these conditions.  See XYZ Corp. v. United States, 348 F.3d 16, 27-28 (1st Cir. 2003).

Stuart's statements during the March 16, 2005 settlement conference would be protected by Fed. R. Evid. 408, which states that "statements made in compromise negotiations" are inadmissible.  See Ex. 1.  Moreover, the United States informed the other parties that it considered Dr. Stuart's statements to be protected by the federal common law settlement privilege.  See Ex. 2; Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc., 332 F.3d 976, 979-81 (6th Cir. 2003) (recognizing federal common law settlement privilege).[4]  Nor has the United States waived the confidentiality of Dr. Stuart's statements;[5] in fact, we timely objected when People First previously attempted to conduct discovery regarding these statements.  See Ex. 3.  Accordingly, the protections of Fed. R. Evid. 408 and the settlement privilege apply to the statements at issue in the Memorandum.

---

[4] The United States is aware that this Court, unlike the Sixth Circuit, does not recognize the federal common law settlement privilege.  See In re Subpoena, 370 F. Supp. 2d 201, 207-12 (D.D.C. 2005).  Nevertheless, this Court should treat Dr. Stuart's statements as covered by the settlement privilege, because this privilege is protected by the governing law where the underlying action is pending and where the settlement conference occurred.  See Goodyear Tire, 332 F.3d at 979-81.

[5] People First's claims that the United States voluntarily disclosed Dr. Stuart's opinion outside of the March 16, 2005 meeting, thereby waiving its confidentiality, is incorrect.  See Memorandum pp. 9-10.  As noted above, all communications subsequent to the March 16 meeting cited by People First contained the United States' opinion, not Dr. Stuart's.  Therefore, People First's reliance on Atari Corp. v. Sega of America, 161 F.R.D. 417 (N.D. Cal. 1994), and other cases involving voluntary disclosure of confidential information is misplaced.

### III. Conclusion

For the foregoing reasons, the United States respectfully requests that this Court grant the Motion for Protective Order to Seal Memorandum.[6]

                                          Respectfully submitted,

| | |
|---|---|
| KENNETH L. WAINSTEIN<br>United States Attorney<br>District of the District<br>  of Columbia | WAN J. KIM<br>Assistant Attorney General<br>Civil Rights Division<br><br>BRADLEY J. SCHLOZMAN<br>Principal Deputy Assistant<br>  Attorney General<br><br>SHANETTA Y. CUTLAR<br>Section Chief<br><br>JUDY C. PRESTON<br>Deputy Chief<br><br>s/R. JONAS GEISSLER<br>TODD SCHNEIDER<br>R. JONAS GEISSLER<br>LINDA KEYSER<br>Trial Attorneys<br>Special Litigation Section<br>U.S. Department of Justice<br>950 Pennsylvania Ave., NW<br>Washington, DC  20530<br>(202)353-8866 |

---

[6] The United States is submitting a redacted version of the Memorandum for the public record, in the event this Motion is granted.

5