Exhibit 1

LAW OFFICES

## BURCH, PORTER & JOHNSON
A PROFESSIONAL LIMITED LIABILITY COMPANY

130 NORTH COURT AVENUE
MEMPHIS, TENNESSEE 38103

TELEPHONE 901-524-5000
FAX 901-524-5024

W. J. MICHAEL CODY
JOEL PORTER
CHARLES F. NEWMAN
C. THOMAS CATES
JOE M. DUNCAN
J. BROOK LATHRAM
JEF FEIBELMAN
DEWITT M. SHY, JR.
ALLEN T. MALONE
LARRY K. SCROGGS
R. MICHAEL POTTER
RALPH B. LAKE
DAVID J. HARRIS
WILLIAM A. CARSON, II
WARNER B. RODDA
DAVID H. LILLARD, JR.

SAM L. CRAIN, JR.
NATHAN A. BICKS
STEPHEN D. CRAWLEY
LAUREL C. WILLIAMS
LISA A. KRUPICKA
LEEANNE MARSHALL COX
BETH WEEMS BRADLEY
LES JONES
MELISSA A. MARAVICH
JAY H. LINDY
SCOTT J. CROSBY
SUSAN M. CLARK
TODD A. ROSE
DOUGLAS F. HALIJAN
R. PORTER FEILD
JONATHAN P. LAKEY

JOSHUA B. LAWHEAD
JENNIFER S. HAGERMAN
MARCH A. COFFIELD
TAYLOR A. CATES
JOAN T. MURPHY
MILTON L. LOVELL
DAVID E. GOODMAN, JR.
DEBRA A. WILES
ERIC J. PLUMLEY
MARY A. HALE
COURTNEY E. ELLIS
EMILY A. FARROW
W. JEFF MCGOFF
JUNAID A. ODUBEKO
FRANK B. THACHER, III

LUCIUS E. BURCH, JR. 1912-1996
JOHN S. PORTER 1909-1990
JESSE E. JOHNSON, JR. 1913-1980
CHAS N. BURCH 1868-1938
H. D. MINOR 1868-1947
CLINTON H. MCKAY 1889-1943

PARIS OFFICE
107 WEST BLYTHE
P.O. BOX 130
PARIS, TENNESSEE 38242
TELEPHONE 731-642-2555
FAX 731-642-1070

Writer's Direct Dial: 524-5151
Writer's E-Mail: jlakey@bpjlaw.com

March 2, 2005

Todd Schneider, Esq.  VIA TELEFAX
Special Litigation Section  AND U.S. MAIL
Civil Rights Division
U.S. Department of Justice
Patrick Henry Building
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001

Jack Derryberry, Esq.  VIA TELEFAX
Ward, Derryberry & Thompson  AND U.S. MAIL
404 James Robertson Parkway
Suite 1720
Nashville, Tennessee 37219

Dudley West  VIA TELEFAX
White & Reasor  AND U.S. MAIL
2 American Center, Suite 1150
3102 West End Avenue
Nashville, TN 37203

RE:   *United States v. State of Tennessee, et al. (Cloverbottom)*

Dear Counsel:

    I am in receipt of the United States' letter, dated February 28, 2005, which memorializes its representatives understanding of the telephone conference conversation we had on February 24, 2005. The purpose of this letter is to clarify a few items and to seek further discussion regarding the confidentiality of the expert discussions at the conclusion of the informal review.

    First and of most immediate importance, I would like to clarify the confidentiality of the contemplated expert discussions to be held at the conclusion of the experts' informal review (the "Expert Meetings"). In its letter, the United States suggests that any opinions and conclusions offered by the experts during the Expert Meetings shall be considered privileged. The United States suggests, however, that any facts discussed during the Expert Meetings will not be

Todd Schneider, Esq.
Jack Derryberry, Esq.
Dudley West, Esq.
March 2, 2005
Page 2

---

confidential. If the informal review and subsequent Expert Meetings are to be productive and comply with the court's expressed desire, I do not believe this a distinction that we should make.

      We all agree that the Expert Meetings are being conducted to foster the possible resolution of the State's motion to dismiss Green Valley from this action. To date, the United States, People First and PGA have opposed the State's motion for dismissal of GVDC. Thus, it is clear that the Expert Meetings are being conducted for purposes of settlement negotiations. Instead of the distinction drawn by the United States in its letter, I suggest that we instead agree that Expert Meetings be conducted pursuant to Rule 408 of the Federal Rules of Evidence. As such, it would be clear that all conduct and statements made during these meetings would be inadmissible in any future proceedings, subject to exceptions set forth in Rule 408. Critically, one of the exceptions set forth in Rule 408 addresses the concern I believe the United States was trying to cover with the distinction it suggested. Specifically, Rule 408 states, in pertinent part, that "[t]his rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations."

      In regard to the logistics of the expert meetings, I simply suggest that we try to be as flexible as possible in order to ensure that the appropriate experts are able to attend all of the meetings they would like to offer input regarding. It is my current understanding that Alan Harchik and Dr. Stephen Bauer are leaving GVDC at 3:00 p.m. on March 16. Thus, it seems clear to me that the expert meetings regarding active treatment/habilitation and medical care should be started no later than 12:00 on that day. If the United State's other experts are leaving at a later time, perhaps the other meetings can be staggered accordingly. In any event, I believe we should address this issue as early as possible on the first day of the review.

      Finally, in regard to the methodology proposed by United States and People First, I want to make it clear that the State reserves the right to object and question the methodologies employed by the other parties' experts at any time in this process. The State proposed a methodology to be used by all of the experts for the informal review and then the formal review. The United States and People First have indicated that they do not want to use this methodology. Instead, the United States and People First have provided correspondence regarding the methodology their experts are going to use. At the present time, the State has no intention to seek judicial intervention to force the United States and People First to use a different methodology than their experts have proposed. Of course, if questioned by the Court during the next week's status conference regarding this issue, the State will provide responses. In addition, the State's position should not be mistaken as acquiescence from the State that the methodologies employed by the other parties' experts are sound or reasonable. While they may be, the State reserves the right to question these methodologies at any time including, but not limited to, any hearing on the State's pending motion.

Todd Schneider, Esq.
Jack Derryberry, Esq.
Dudley West, Esq.
March 2, 2005
Page 3

---

    Should you have any questions regarding this letter, do not hesitate to contact me. In addition, I hope to hear from you regarding the privilege issue prior to the status conference.

               Very truly yours,

               BURCH, PORTER & JOHNSON, PLLC

               Jonathan P. Lakey

JPL/gc
cc:    Dianne Dycus, Esq. (via telefax)