U.S. Department of Justice

Civil Rights Division

SYC:JP:TJS:JG:DD:JY
DJ 168-71-19

*Special Litigation Section - PHB*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC 20530*

February 28, 2005

BY FACSIMILE AND REGULAR MAIL

Jack W. Derryberry, Esq.
Ward, Derryberry and Thompson
Suite 1720, Parkway Towers
404 James Robertson Parkway
Nashville, TN  37219

Dudley West, Esq.
White & Reasor
3102 West End Avenue
Suite 1150
Nashville, TN  37203-1304

Jonathan P. Lakey, Esq.
Burch, Porter, & Johnson
130 N. Court Ave.
Memphis, TN  38103

    Re:  <u>United States v. Tennessee/People First v. Clover Bottom Developmental Center, Nos. 3:96-1066 & 3:95-1277 (M.D. Tenn.)</u>

Dear Counsel:

    We are writing to confirm the details of what we discussed during our February 24, 2005 conference call regarding the parties' March 2005 tour of Greene Valley Developmental Center ("GVDC"). The purpose of this tour, as you know, is to conduct an informal review in response to the State of Tennessee's ("State") motion to terminate GVDC from this case.

    The United States will be accompanied by four experts, Dr. Stephen Bauer, Ms. Elizabeth Chura, Dr. Alan Harchik, and Dr. Sheela Stuart, and will tour GVDC from March 14-16, 2005. The United States plans to begin its tour at 8:30 a.m. on March 14. People First of Tennessee ("People First") will be accompanied by Ms. Ruby Moore and will tour GVDC from March 14-18, 2005. Dr. Al Baumeister may tour GVDC on behalf of the Parent Guardian Association ("PGA") during that same week, but PGA is not yet sure as to Dr. Baumeister's availability. PGA will notify the other parties once Dr. Baumeister's schedule has been made final. Finally, the State will have the following experts present while the other parties tour: Dr. Nirbhay Singh, Dr. Mohamed El-Sabaawi, Dr. Victoria Lund, Ms. Carly Crawford, Dr. Larry Latham, and Dr. James Finch.

At the conclusion of each party's review of GVDC, there will be a meeting (which may be broken into subgroups) in which the parties and their experts will discuss the experts' opinions as to whether GVDC has achieved compliance with certain provisions of Sections VI and VII of the Settlement Agreement. The parties agree that any opinions or conclusions expressed by any expert during this meeting shall be considered privileged, i.e., in any future proceeding, no party can introduce, for evidentiary or impeachment purposes, any opinion or conclusion expressed by another party's expert during this meeting. This privilege shall not extend to any facts discussed by the experts during this meeting, but a misstatement of fact during the meeting shall not be used for impeachment purposes. The privilege will not encompass any discussions or statements made by or among the experts outside of this meeting.

The United States plans to hold its end-of-tour meeting on the afternoon of March 16, 2005. We will hold four separate meetings covering the different subject matters that are the focus of our tour: active treatment/habilitation, communication services, medical care, and protection from harm. To ensure that People First's expert and (potentially) PGA's expert can also join in these meetings, we will stagger the starting times of these meetings where feasible. Although not discussed during our conference call, the United States plans to participate by phone in any separate end-of-tour meetings involving the People First and/or PGA experts.

As for the criteria and methodology to be used by the parties during this review, the State, after proposing a methodology, received methodologies from the United States and People First. The United States and People First do not believe that it is necessary to involve the Court in this issue. However, if the State or PGA plans to seek judicial intervention regarding the issue of methodologies, the party who plans to do so should notify the other parties in advance of the status conference with the Court on March 7, 2005.

Finally, the parties hope to resolve the State's GVDC motion without litigation. The parties should be prepared at the March 7 status conference to discuss a deadline for resolving the State's motion. If no resolution has occurred by this deadline, the parties will then jointly request that the Court issue a hearing date regarding GVDC. During the informal tour of GVDC, counsel for the parties will discuss a potential schedule for discovery, if needed, in connection with the State's GVDC motion.

If you have any questions or concerns regarding this letter, please feel free to contact me at (202) 616-9958.

    Sincerely,

    *Todd Schneider/js*

    Todd Schneider
    Trial Attorney
    Special Litigation Section

cc:  Dianne Dycus, Esq., State of Tennessee
     Mary Schaffner, Esq., Parent Guardian Association